**SIMON, Louis; et al., appellants,**

v.

**UNITED STATES, appellee.**

**Schalliol, Mary,**

v.

**Fare, John, et al.**

No. 94S00-0308-CQ-377.

Supreme Court of Indiana.

Sept. 5, 2003.

### ORDER

The United States Court of Appeals for the Third Circuit has certified questions of Indiana state law for this Court's consideration pursuant to Indiana Appellate Rule 64. The questions are:

(1) Whether a true conflict of law exists between Indiana's and the District of Columbia's choice-of-law rules; and

(2) If a true conflict exists and Indiana's choice-of-law rules therefore control per the "last significant act" test, how should a split among the choice-of-law factors identified in *Hubbard Manufacturing Co., Inc. v. Greeson,* 515 N.E.2d 1071 (Ind.1987), be resolved in choosing a jurisdiction's substantive law when one factor points toward Indiana, another toward Pennsylvania, and the third is indeterminate, and which jurisdiction's substantive law would Indiana apply under the facts of this case?

The Court accepts the certified questions pursuant to Appellate Rule 64 and directs as follows.

The United States Court of Appeals for the Third Circuit has recommended that for briefing purposes, Simon, Schalliol, and Fare be treated as the appellants and the United States be treated as the appellee. So ordered.

All filings are to be made with the Clerk of the Indiana Supreme Court. The appellants are allowed a single main brief and a single response brief. These two briefs shall be bound with blue covers. Likewise, the appellee is allowed a single main brief and a single response brief. These two briefs shall be bound with red covers. The four briefs shall conform to the provisions of Ind. Appellate Rules 43, 44, and 46 to the extent reasonably practicable and except as otherwise provided in this order. In addition, an appendix shall be filed containing copies of documents from the federal court record that the parties deem

necessary or helpful for deciding the questions. *See e.g.,* Ind. Appellate Rule 50(A)(2). The cover of the appellants' appendix shall be blue. Appellee may file a red supplemental appendix if necessary, although a single appendix is preferred. An original and eight copies of each brief shall be filed. Only one appendix and one supplemental appendix (if necessary) need be filed.

The two main briefs and the appellants' appendix must be filed by October 7, 2003. The briefs may not exceed 8400 words, exclusive of the items listed in Ind. Appellate Rule 44(C) and shall be accompanied by the verified statement of word count referred to in Ind. Appellate Rule 44(F). The two response briefs and any appellee's appendix must be filed by October 27, 2003. The briefs may not exceed 2400 words exclusive of the items listed in Ind. Appellate Rule 44(C), and shall be accompanied by the verified statement of word count referred to in Ind. Appellate Rule 44(F).

The questions presented have been previously briefed by the parties so extensions of time are not favored or anticipated and will be granted only under extraordinary circumstances. In order to be considered, any motion for extension of time must be filed prior to ten days before the due date of the brief. No motions for enlargement of the brief sizes will be allowed.

All Justices concur.